

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 28, 1958

Honorable Robert S. Calvert,
Comptroller of Public Accounts,
Capitol Station,
Austin, Texas

Opinion No. WW-380.

Re: Under the provisions of
House Simple Resolution
No. 400, 55th Legislature,
Regular Session, 1957,
creating a General Investi-
gating Committee, may the
person employed as Legal
Counsel for the Investigat-
ing Committee be reimbursed
for mileage in traveling to
the City of Austin and return
to his home?  May he be re-
imbursed for meals and lodg-
ing while performing his
duties for the Committee

Dear Mr. Calvert:                     while in the City of Austin?

        You have requested the opinion of this office on the
following questions:

    (1)  Under the provisions of House Simple Resolution
         400, 55th Legislature, Regular Session, 1957,
         creating a General Investigating Committee, may
         the person employed as Counsel be reimbursed
         for mileage in traveling to the City of Austin
         and return to his home?

    (2)  May he be reimbursed for meals and lodging while
         performing his duties for the Committee while in
         the City of Austin?

        We are advised that at the time of employment of Mr.
William B. Nance as Legal Counsel for the General Investigating
Committee, which was created pursuant to the provisions of House
Simple Resolution No. 400, 55th Legislature, Regular Session,
1957, it was agreed that Mr. Nance would maintain his home base
in Dallas, Texas.  We are further advised that the Committee

made an agreement with Mr. Nance that he was to make only those trips out from Dallas in connection with this employment which were necessary to perform his duties as Legal Counsel for the Committee, and which trips were authorized by the Committee. It was also agreed that Mr. Nance would be compensated for all such trips away from Dallas while performing these duties.

Section 6 of House Simple Resolution No. 400, 55th Legislature, Regular Session, 1957, provides in part:

"The Committee shall have authority to employ and compensate assistants to assist in any investigation, to assist in any audits, and to assist in any legal matters where, for any reason, it is necessary to obtain such services . . ."
(Emphasis ours)

Section 8 of the above cited Resolution contains the following provision:

". . . Compensation of the Committee's employees, expenses incurred by members of the Committee, and all other expenses of the Committee, shall be paid out of the appropriation for mileage and per diem and contingent expenses of the 55th Legislature . . ."
(Emphasis ours)

It is a fundamental rule of decision, as well as law, that a public officer or functionary, who is clothed with any power of government, may not delegate those powers to another. However, the procuring by such officer of aid and assistance of others as authorized by House Simple Resolution 400, 55th Legislature, Regular Session, 1957, is not of itself a delegation of any of the Committee's powers. It is, rather, a mere method whereby the Committee obtains assistance of a special nature as an aid in the exercise of its own lawful powers. Attorney General's Opinion O-5245.

We think it clear that the above quoted provisions of Sections 6 and 8 of House Simple Resolution 400, 55th Legislature, Regular Session, 1957, constitute express authorization for the employment of legal counsel for the committee here involved, and for payment of the expenses incurred by such counsel while performing the necessary duties incident to the work for which he was employed. This authority was properly implemented by the terms of employment of the Committee Counsel as set forth above.

Honorable Robert S. Calvert, Page 3 (WW-380).


This opinion should not be construed as holding that a resolution has the force and effect of a law as introduced by bill. To the contrary, it is clear that a dintinction exists between resolutions and laws, and they are not to be placed in the same category. Conley v. Texas Division of United Daughters of the Confederacy, 164 S.W. 24 (Tex. Civ. App., 1913) error ref.; National Biscuit Co. v. State, 129 S.W. 2d 496 (Tex. Civ. App., 1939) no writ history.

We are of the opinion that the person employed as Legal Counsel for the General Investigating Committee, which was created by House Simple Resolution 400, 55th Legislature, Regular Session, 1957, may be reimbursed for mileage in traveling to the City of Austin, and for return to his home, as well as for meals and lodging while performing his duties for the Committee while in the City of Austin, if such reimbursement is paid out of the appropriation for mileage and per diem and contingent expenses of the 55th Legislature in compliance with the provisions of Section 8, House Simple Resolution 400, 55th Legislature, Regular Session, 1957.


## SUMMARY

Under the provisions of House Simple Resolution No. 400, creating a General Investigating Committee, the person employed as Legal Counsel for the Committee may be reimbursed for mileage in traveling to the City of Austin and return to his home, and for meals and lodging while performing his Committee duties while in the City of

Honorable Robert S. Calvert, Page 4 (WW-380).

Austin, if such reimbursement is
paid out of the appropriation for
mileage and per diem and contingent
expenses of the 55th Legislature.

Yours very truly,

WILL WILSON
Attorney General of Texas

By B. H. Timmins, Jr.

B. H. Timmins, Jr.
Assistant

BHT:jl:pf

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Cecil Rotsch
Jack Goodman
Houghton Brownlee, Jr.
John Reeves

REVIEWED FOR THE ATTORNEY GENERAL

By:  W. V. Geppert.